No. 19,993.

THE PNEUMATIC SCALE COMPANY, LIMITED, *Appellee*, v. THE CAREY SALT COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

USE OF WEIGHING MACHINE—*Rents*—*No Error in Record*. The issues, evidence, rulings and judgment in an action for rents for the use of a weighing machine examined and the result approved.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed March 11, 1916. Affirmed.

*C. M. Williams,* of Hutchinson, for the appellant.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered judgment against the defendant for $650 for the use of a weighing machine for twenty-six months.

In July, 1909, pursuant to the terms of a written lease, the plaintiff, The Pneumatic Scale Company, installed a weighing machine in the establishment of the defendant, The Carey Salt Company, at Hutchinson, for the use of which the latter agreed to pay $25 per month for a term of three years, and unless written notice of a desire to terminate the lease was given sixty days prior to the end of the term the lease was to continue for another three years' term. If the lease was not renewed, the machine was to be returned to Boston, with transportation charges paid by the defendant. The first term expired November 22, 1912. About August 1, 1912, the traveling agent of the scale company called upon the defendant and informed it that his principal was manufacturing and distributing a superior machine and that his company was desirous of taking up the older scale and replacing it with a

new machine under a different contract.   The acting officer of the defendant salt company told the agent of the scale company that he did not like the rental contract, but that he would purchase one of the new scales.

The parol testimony, which was probably incompetent, since the bargain between the plaintiff's agent and the salt company was reduced to writing, showed that the agent of the plaintiff made a contract with the defendant for the sale of one of the new machines at $1500, and that rent should cease on the old machine forthwith, but that it might be retained and used until the new machine was installed.   However that may be, no such contract was reduced to writing. On the contrary, and at the time of this agreement, the agent of the plaintiff produced a four-page printed document, the first page of which was a form of application addressed to The Pneumatic Scale Corporation, Limited, requesting it to install one of its new automatic weighing machines at the defendant's factory and agreeing among other matters that if the new scale gave satisfaction "that fact shall constitute an acceptance of said machine by us upon the terms and conditions set forth in the lease attached hereto marked 'Lease A' and said lease shall thereupon be in full force and effect," etc.

At the bottom of the first page, constituting the application for the installation and leasing of the new machine, the plaintiff's agent inserted the following:

"If at any time within sixty days of the date of the accepting of said machine the Lessee elects to purchase the same it may do so by the payment to the lessor of $1,500.00 less the total sum to that date paid by the lessee as installation charge and rent."

This application was signed by the defendant.

The next three pages of the document, neither filled out nor signed, contained the form of "Lease A."   In the printed matter of "Lease A" was the following:

"16. None of the terms of this lease shall be held to have been waived or altered unless such waiver or alteration is in writing and has been signed by the General Manager or other specially authorized officer of the Lessor."

The plaintiff scale company promptly disavowed the action of their agent, it being their contention that he had no authority to sell the new machine for less than $2000.   The agent also with profuse apologies promptly acknowledged his

error in fixing the price of the new machine at $1500.  Much correspondence passed between the parties, the defendant insisting upon its bargain with the plaintiff's agent, and, in effect, insisting that as per an oral agreement with the agent it was to be relieved from further rental charges on the old machine until the new one was installed.

From the judgment for plaintiff the defendant appeals.

We can not agree with appellant's contention that the plaintiff's agent was authorized to contract with the salt company for a new machine at $1500.  The testimony of the plaintiff's manager was that the agent was merely "an agent of the plaintiff to solicit application for the sale or leasing of machines."  The application for the lease of the new machine which defendant's manager signed, and in which the terms of purchase were interlined, specifically referred to "Lease A." which provided that alterations could only be made if signed by his superior officer.  This recital itself was notice of the limitations of his authority.  It is of little consequence what the plaintiff's agent and the defendant's manager said to each other prior to the alleged execution of the new contract.  Their negotiations were inserted in their contract, which was on its face only an application to lease with option to purchase, and if the contract itself was unauthorized because the agent had no authority, the negotiations, like the contract itself, came to naught.  The negotiations, the new contract, and the correspondence between the parties would be sufficient for one purpose only, and that would be to serve as a notice that the appellant did not desire to renew the lease on the old machine; but that point is not urged, and even in that respect it would have been necessary to ship the old machine to Boston with transportation charges paid in order to relieve the defendant from further rental payments on the old machine.  The defendant made no claim for damages on account of the breach of a contract made with the plaintiff's agent within the apparent scope of the agent's authority.  Probably such claim would have been futile, since the negotiations between the agent and the defendant culminated in a mere written application for the installation and lease of a machine with option of purchase.

We can perceive no error in the judgment of the district court and it is therefore affirmed.